## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| THIRPLUS TINO MOOSE BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  1:16-cv-01347-JBM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER & OPINION

The matter before the Court is Petitioner, Thirplus Tino Moose Bey's, "Emergency Petition for Constitutional Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2242. For the reasons set forth below, Petitioner's Request for Writ (Doc. 1) is denied and Petitioner is warned that the filing of future habeas petitions asserting similar "sovereign citizen" arguments will result in sanctions by the Court.

### BACKGROUND

Petitioner pleaded guilty to conspiracy to commit bank robbery (Count 1), armed bank robbery with forcible restraint (Count 2), and using and carrying a firearm during and in relation to a crime of violence (Count 5). Petitioner was sentenced by the United States District Court for the Western District of Missouri to a total of 420 months of incarceration.[1] Under the terms of the plea agreement, Moose

---

[1] Petitioner received a 60 month sentence on Count 1 to be served concurrently with Counts 2 and 5. Petitioner received a 300 month sentence on Count 2 to be served consecutively with Count 5. Petitioner received a 120 month sentence on Count 5 to be served consecutively with Count 2. This equals a total of 420 months of incarceration.

waived his right to appeal his conviction or sentence, and the waiver was upheld on direct appeal.

On August 9, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Moose v. United States*, No. 16-cv-01296-JES (C.D. Ill. Aug. 19, 2016). The petition raised several challenges to the jurisdiction of the United States to indict, sentence, or imprison him; all of the challenges were based on his status as a "Private Aboriginal Indigenous Moorish American National . . . of sentient capacity . . . ." *Id*. On August 19, 2016, the court denied Petitioner's frivolous petition, because the laws of the United States apply to all persons within its borders. *Id*. (*citing United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) (noting that district courts have jurisdiction over defendants brought on charges of violations of federal law and rejecting "sovereign citizen" arguments as frivolous)).

On September 15, 2016, less than a month after the court rejected Petitioner's § 2241 claim, Petitioner filed an "Emergency Petition for Constitutional Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2242. Petitioner's filing is nearly impossible to comprehend, because it consists of strings of nonsensical quotations and unconnected assertions. A few excerpts will illustrate this issue. For example, Petitioner claims that he:

> "stands squarely affirmed and bound to The Moorish Holy Temple of Science/Moorish Science Temple of America Divine Constitution and By-Laws, and Zodiac Constitution (Nature's Law) with all due and respect to the United States Republic of North America (Amexem)." (Doc. 1 at 2).

He claims to be:

> "an Aboriginal, Indigenous Moor Inhabitant of Northwest Amexem near Illinois Republic created by the Several States of America . . . ." (*Id*. at 4).

2

Additionally, he claims that:

> "If there is no proper jurisdiction or venue, then no lawful or legal trial can be held, therefore, all rights revert back to the People (Self-government with Sovereign Authority). This is where Certificate AA222141 clearly proves its purpose. When government officials superseded their jurisdiction, or deny lawful due process, redress, recourse and remedy, "At Law", then they are criminals, and are traitors to the Constitution . . . ." (*Id*. at 5).

The Petition continues in this manner for 9 pages, while an additional affidavit provides another 5 pages of similar ramblings. Amidst the nonsensical ramble, it appears that the Petitioner believes that there was no jurisdiction over him when he was arrested, nor that there was jurisdiction over him when he pleaded and was sentenced in the Western District of Missouri. (Doc. 1-1 at 2-3). Petitioner believes this because he believes that the "Governor of Missouri Republic must consent to cession of jurisdiction" before the federal government could have jurisdiction. *Id*. This type of argument is frequently known as a "sovereign citizen" argument.[2]

### LEGAL STANDARD

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). However, a court must still decide whether a petition adequately presents the legal and factual basis for a claim. *Id.*

A petitioner may seek habeas corpus relief under 28 U.S.C. § 2241, 2254, or 2255, depending on the circumstances. Petitioner has filed his petition for a Writ of

---

[2] For more information about "sovereign citizen" arguments, see J.M. Berger, Without Prejudice: What Sovereign Citizens Believe, GW: Program on Extremism (2016), *available at*: https://cchs.gwu.edu/sites/cchs.gwu.edu/files/downloads/Occasional%20Paper_Berger.pdf.

Habeas Corpus under § 2242. Section 2242 is an informative statute: it informs individuals of the requirements for filing a petition for habeas relief. It does not provide any relief by itself.

This Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to all cases that purport to be brought under Chapter 153 of Title 28 of the United States Code that are not explicitly brought under 28 U.S.C. §§ 2254 and 2255. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b); *see also Poe v. United States*, 468 F.3d 473, 477 n. 6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines). This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief."

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and determined Petitioner is not entitled to habeas corpus relief.

## ANALYSIS

By claiming he is a sovereign citizen, the Petitioner has provided no legal claims on which to proceed for a habeas petition and his petition must be denied. There are no legal claims because for at least 25 years the courts have summarily rejected claims by sovereign citizens. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases that reject the "sovereign citizen" argument as frivolous).

The United States Court of Appeals for the Seventh Circuit has instructed district courts to "summarily reject" the "worn argument that a defendant is sovereign." *Moose*, No. 16-cv-01296-JES (citing *Benabe*, 654 F.3d at 767). Petitioner insists that the courts had no jurisdiction over him because the Governor of Missouri did not give consent or cessation to the United States Government. (Doc. 1-1 at 19). However, it has been clearly established that the laws of the United States apply to all persons within its borders and this includes the Petitioner. *Phillips*, 326 F. App'x at 400. *See also Benabe*, 654 F.3d at 767 (announcing that regardless of an individual's claimed status of descent, that person is not beyond the jurisdiction of the courts); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in American law). Therefore, the Petitioner was under the jurisdiction of the United States and his "sovereign citizen" arguments fail.

The Court would like to note that Petitioner filed the current petition less than one month after Judge Shadid rejected Petitioner's "sovereign citizen" claims in his § 2241 petition. Judge Shadid informed Petitioner that "sovereign citizen" arguments were frivolous and had no merit in American law. *Moose*, No. 16-cv-01296-JES. After being informed that his claims were frivolous and meritless, Petitioner filed the present petition with the same frivolous, meritless claims. Thus, the instant Petition is not merely frivolous but an abuse of the Court's time and resources. Petitioner may believe that he is not subject to federal jurisdiction because he is "a direct descendant of the Moroccans and born in America . . . and [is] the true possessor of the present Moroccan Empire." (Doc. 1 at 3). However, that belief does not make it true and it

will not give his claims of "sovereign citizenship" merit. Furthermore, the Court refuses to allow Petitioner to waste court resources by filing meritless "sovereign citizen" claims.

The Petitioner is hereby **WARNED: any further habeas petitions alleging "sovereign citizen" claims that petitioner files in this Court may be subject to the type of sanction imposed by the Seventh Circuit Court of Appeals** in *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997), where the Court warned that if the petitioner filed any further habeas petitions, he would be fined $500, face a *Mack* order requiring that his fine be paid before any other civil litigation be filed, and any habeas action will be summarily dismissed thirty days after filing unless otherwise ordered by the court.

## CONCLUSION

For the reasons stated above, the Petition (Doc. 1) is DENIED. Petitioner is warned that the filing of future habeas claims based on "sovereign citizen" arguments could subject petitioner to sanctions. The Clerk is requested to mail plaintiff a copy of this order.

CASE TERMINATED.

IT IS SO ORDERED.

Entered this _28th_ day of September, 2016.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
